UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REALLY BIG COLORING BOOKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18CV622 JCH |
| ) | |
| DELTA DENTAL INSURANCE COMPANY ) | |
| and DELTA DENTAL OF CALIFORNIA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, filed June 6, 2018. (ECF No. 17). The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Really Big Coloring Books, Inc. ("RBCB" or "Plaintiff") is an American publisher that produces and sells "the nation's most popular coloring books." (Compl. ¶¶ 1, 15). In or around 2012, RBCB entered into an agreement with Defendants Delta Dental Insurance Company and Delta Dental of California (collectively "Delta") to design, manufacture, and deliver a series of dental-themed coloring books. (*Id.*, ¶ 16).

Prior to entering into the agreement with RBCB, Delta did not have a coloring book. (Compl, ¶ 21). Delta did, however, use a version of Ratoncito Perez, a figure similar to the tooth fairy and popular in Spanish and Hispanic American cultures, in its marketing materials. (*Id.*, ¶¶ 23, 24). Delta was not satisfied with its version of Ratoncito Perez, as it appeared

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which Defendants have not yet filed an Answer.

1

unfriendly, and therefore asked RBCB to redesign the character to appeal to its young audience. (*Id.*, ¶¶ 25, 26).

RBCB created a new version of Ratoncito Perez for use in its coloring books. (Compl., ¶ 27). It illustrated several short stories about the benefits of dental hygiene featuring the character, and added other characters in the form of children featured throughout the stories. (*Id.* ¶¶ 28, 32-33). RBCB also created games, activities, word searches, puzzles, mazes and word games to be included in the coloring books. (*Id.*, ¶ 34). For its part, Delta supplied the text for the coloring books, which RBCB then edited for syntax, grammar, punctuation, and style. (*Id.*, ¶¶ 29, 30). According to Plaintiff, "RBCB created the entire visual perception, the dominant feature of the coloring books." (*Id.*, ¶ 39).

Every time RBCB sent a draft coloring book to Delta, it supplied a watermarked proof. (Compl., ¶ 61). Furthermore, every coloring book, whether a draft or final product, contained both RBCB's company information and its copyright notice. (*Id.*, ¶¶ 62, 64). The first coloring book was published in January, 2012, and RBCB eventually secured copyright registrations for each of the five coloring books at issue, with an effective date of March 10, 2014. (*Id.*, ¶¶ 63, 40-59, citing att. Exhs. C-G).

In an email dated January 26, 2012, Delta's Hispanic Initiative Program manager Solomon Romano ("Romano") asked RBCB whether it would be possible "to minimize all the Really Big Coloring Book company information on the book, and make it more like a book from Delta Dental?" (Compl., ¶ 65, citing att. Exh. I). In a subsequent email dated April 18, 2012, Romano asked whether Delta could "create a book and buy the rights to it?" (*Id.*, ¶ 66, citing att. Exh. J). Romano stated he was "getting a lot of pushback on the printing costs" of the

project. (*Id.*). RBCB responded that same day, explaining that printing and publishing were "two very different issues." (*Id.*).[2]

According to RBCB, orders from Delta began slowing down in late 2015, and Delta purchased its final set of coloring books on December 20, 2017. (Compl., ¶ 68). RBCB maintains Delta thereafter engaged in widespread copying and use of RBCB's copyrighted coloring books, and did not remove RBCB's copyright notice on its illegal copies. (*Id.*, ¶¶ 69-73, citing att. Exhs. K, L).

Based on the foregoing, RBCB filed a Complaint in this Court on April 18, 2018, asserting one count of copyright infringement against Delta. (ECF No. 1). As relief, RBCB requests among other things a finding that Delta is liable for copyright infringement by virtue of its unauthorized use of RBCB's copyrighted works; a finding that Delta's copyright infringement was willful; and an award of damages against Delta under 17 U.S.C. § 504. (*Id.*, P. 9). As stated above, Delta filed the instant Motion to Dismiss on June 6, 2018, claiming it cannot be held liable for copyright infringement as the allegations of RBCB's Complaint demonstrate (a) that the coloring books are "joint works" under the Copyright Act, and (b) that the parties are co-authors of the joint works. (ECF No. 17).

## **STANDARD FOR MOTION TO DISMISS**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to

---

[2] RBCB contends the January 26 and April 18, 2012, emails demonstrate that Delta recognized the value of owning

raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

As noted above, in its single count Complaint RBCB requests a finding that Delta is liable for copyright infringement by virtue of its unauthorized use of RBCB's copyrighted works.  Delta counters that RBCB's Complaint must be dismissed because the coloring books are "joint works."

The Copyright Act defines a "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  *See* 17 U.S.C. § 101.  "Parts of a unitary whole are 'inseparable' when they have little or no independent meaning standing alone."  *Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991).  By contrast, "[t]he parts of a work are 'interdependent' when they have some meaning standing alone but achieve their primary significance because of their combined effect, as in the case of the words and music of a song."  *Johnson v. Berry*, 171 F.Supp.2d 985, 987 (E.D. Mo. 2001) (internal quotations and citations omitted).  The authors of a joint work are

---

the copyrights to the coloring books, and knew that it did not own said copyrights.  (Compl., ¶ 67).

4

co-owners of any copyright in the work, and thus "are entitled to [an] equal undivided interest in the whole work, such that each joint author has the right to use or license the work as he or she wishes." *CSC Pub., Inc. v. Vibra Screw, Inc.*, 2003 WL 21180419, at *2 (D. Minn. May 9, 2003) (citing 17 U.S.C. § 201(a); *Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998)). Thus, if Delta is determined to be a joint author of the coloring books, it cannot be held liable for copyright infringement. *Id. See also Johnson*, 171 F.Supp.2d at 987 (internal quotations and citations omitted) ("A co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright. Because a co-owner is an owner, he has a right to use or license the use of the copyright, and cannot be an infringer: his duty to account to other co-owners for profits arises from equitable doctrines relating [to] unjust enrichment and general principles of co-ownership, and does not amount to an infringement claim.").

The Eighth Circuit has not addressed the elements necessary for joint authorship. Other courts have, however, and have adopted various formulations of the necessary elements. For example, in *CSC Pub., Inc. v. Vibra Screw, Inc.*, the District of Minnesota held the elements of a joint work are: "(1) independently copyrightable contributions by two or more authors; and (2) the authors intended their contributions to be merged into inseparable or interdependent parts of a unitary whole." *CSC Pub.*, 2003 WL 21180419, at *2 (citing *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000)).[3] The Second and Seventh Circuits employ a more stringent standard, holding that in order to satisfy the intent element, the putative co-author must show not

---

3 In *Aalmuhammed*, the Ninth Circuit elaborated as follows:
> [S]everal factors suggest themselves as among the criteria for joint authorship, in the absence of contract. First, an author "superintend[s]" the work by exercising control….Second, putative coauthors make objective manifestations of a shared intent to be coauthors….Third, the audience appeal of the work turns on both contributions and "the share of each in its success cannot be appraised." Control in many cases will be the most important factor.

*Aalmuhammed*, 202 F.3d at 1234 (footnotes omitted).

5

merely an intent to merge the works into an inseparable or interdependent whole, but rather an intent to be joint authors. *See Childress*, 945 F.2d at 507-08; *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1068-69 (7th Cir. 1994).[4]

Due to wide variations in the nature of creative relationships, "the factors suggesting the existence or absence of joint authorship 'cannot be reduced to a rigid formula.'" *Creative Dream Productions, LLC v. Houston*, 2015 WL 12731915, at *4 (C.D. Cal. Apr. 2, 2015) (citing *Aalmuhammed*, 202 F.3d at 1235). Rather, "the determination of joint authorship is a factual inquiry that is often, but not always, ill-suited to resolution on a motion to dismiss." *Id.* (citing *Wolf v. Travolta*, 2014 WL 2472254, at *4 (C.D. Cal. June 2, 2014) ("The FAC asserts that plaintiff is the sole author of the [disputed curriculum], and the Court is required to accept those allegations as true. Even if defendants are ultimately correct that plaintiff prepared the [curriculum] as a work for hire, or jointly with [one of the defendants], that determination is a factual question to be resolved at trial or on summary judgment."); *Warren v. Fox Family Worldwide, Inc.*, 171 F.Supp.2d 1057 (C.D. Cal. 2001) ("Resolving these [joint authorship] issues would [require] that the court decide disputed factual issues going to the merits of the dispute," which "cannot be done in the context of a motion to dismiss…."); *but see Pulver v. Battelle Mem'l Inst.*, 2009 WL 224490, at *10 (E.D. Wash. Jan. 29, 2009) ("Like any question of fact, joint authorship may be resolved as a matter of law if there is no genuine dispute about the material facts.")).

---

4 The Court in *CSC Pub.* recognized the difference in the intent element, but declined to adopt the more restrictive view, as follows:
> [T]he clear language of the Copyright Act states that for there to be a joint work, the authors must intend "that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. The Second Circuit has recognized that an "intent to be joint authors" is not found within the copyright act. *See Childress*, 945 F.2d at 507. We decline to follow those Circuits and cases that have adopted additional elements not found in the copyright act.

Upon consideration, the Court finds it need not decide which elements Delta must prove to establish its claim of joint authorship, as under either formulation fact questions remain. With respect to the elements adopted by the District of Minnesota in *CSC Pub.*, RBCB claims it did not intend its contributions to be merged into an inseparable or interdependent part of a unitary whole. *CSC Pub.*, 2003 WL 21180419, at *2. Rather, in its Complaint Plaintiff notes it independently secured copyright registrations for the portions of the coloring books created by RBCB, and included a watermarked proof on every draft coloring book sent to Delta. (*See* Compl., ¶¶ 40-61). RBCB further denies the parts are "interdependent", instead alleging that it alone "created the entire visual perception, the dominant feature of the coloring books." (Compl., ¶ 39). With respect to the *Childress* formulation, RBCB supports its contention that neither it nor Delta intended to be joint authors by citing to Romano's April 18, 2012, email, in which he inquired as to whether Delta could purchase the rights to the coloring book. (*See* Compl., ¶ 66, citing att. Exh. J; *Childress v. Taylor*, 945 F.2d at 507-08). RBCB maintains this inquiry is inconsistent with any claim of joint authorship, as it is undisputed that the authors of a joint work are co-owners of any copyright in the work, and thus "entitled to [an] equal undivided interest in the whole work." *CSC Pub.,* 2003 WL 21180419, at *2.

As noted above, at this stage of the proceedings the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d at 1039 (citation omitted). The Court therefore will deny Delta's Motion to Dismiss, without prejudice to its ability to reassert the issues raised on a motion for summary judgment. *See Creative Dream Productions*, 2015 WL 12731915, at *6 (citations omitted) ("In keeping with the fact-intensive nature of most inquiries where joint

---

*CSC Pub.*, 2003 WL 21180419, at *4 n. 1.

authorship is disputed, the majority of cases address the issue in the context of motions for summary judgment, which may properly rely on evidence outside the pleadings, and not on motions to dismiss.").

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 17) is **DENIED**.

Dated this 24th Day of August, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE